IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH CHOP,<br>    Plaintiff | )<br>)<br>) |
| v. | )     2:10-CV-290<br>) |
| COMMISSIONER OF SOCIAL<br>SECURITY,<br>    Defendant. | )<br>)<br>)<br>) |

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the plaintiff's motion for summary judgment (Docket No.11) be denied; that the defendant's motion for summary judgment (Docket No.13) be granted, and that the decision of the Commissioner of Social Security be affirmed..

II.    Report

Presently before the Court for disposition are cross motions for summary judgment.

On March 4, 2010, Joseph Chop, by his counsel, filed a complaint pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§405(g) and 1383(c)(3) for review of the Commissioner's final determination disallowing his claim for a period of disability or for disability insurance benefits and supplemental security income benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423 and 1381 cf.

The plaintiff filed an application for disability and supplemental security income benefits on December 10, 2007 (R.96-100). Benefits were denied on March 17, 2008 (R68-76). The

plaintiff requested a hearing and pursuant to that request a hearing was conducted on July 8, 2009 (R.22-43). In a decision filed on August 5, 2009, an Administrative Law Judge denied benefits (R.9-21). On August 21, 2009, the plaintiff requested reconsideration of this determination (R.5), and upon reconsideration, and in a decision dated January 7, 2010, the Appeals Council affirmed the prior decision (R.1-3). The instant complaint was filed on March 4, 2010.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)." Richardson v. Perales, supra., at page 401; Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999).

At the hearing held on July 8, 2009 (R.22-43), the plaintiff appeared with counsel (R.24), and testified that he was born on March 1, 1988 (R.25) and that he completed the ninth grade and is able to read and write (R.26).

The plaintiff also testified that in the past five years he had 25-30 jobs, the longest of which lasted for six months (R.26); that he constantly fights with people (R.26); that he does not

listen to people (R.36); that he cannot concentrate (R.26) and that he has difficulty getting to work on time (R.29).

The plaintiff also testified that he watches television and plays video games (R.32) and that he becomes easily aggravated (R.37).

At the hearing a vocational expert was called upon to testify (R.38-42). He classified the plaintiff's prior work as unskilled medium work (R.39). The witness was asked to assume an individual of the plaintiff's age, educational background and vocational history who is capable of unlimited exertional activity, who had to avoid contact with the public and very little interaction with his co-workers, and testified that such an individual could perform the plaintiff's past work as a warehouseman (R.40). In addition, the witness testified that there were a large number of other jobs such an individual could perform (R.41). However, the witness testified that if the individual was subject to frequent absences it would negatively impact his employability (R.41-42).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff is not disabled within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. Section 423(d)(3). These provisions are also applied for purposes of establishing a period of disability. 42 U.S.C. Section 416(i)(2)(A).

It is provided in 42 U.S.C. Section 1382c(a)(3) that:

(A)... an individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

* * *

(D) For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

It is also provided that:

Notwithstanding the provisions of subparagraphs (A) through (E), an individual shall also be considered to be disabled for purposes of this subchapter if he is permanently and totally disabled as defined under a State plan approved under subchapter XIV or XVI of this chapter as in effect for October 1972 and received aid under such plan (on the basis of disability) for December 1973 (and for at least one month prior to July 1973), so long as he is continuously disabled as so defined.

42 U.S.C. Section 1382c(3)(F).

Pursuant to the authorization contained in 42 U.S.C. Section 1382c(3)(D), the Commissioner has promulgated certain regulations for the implementation of the Supplemental Security Income Program. While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts. NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970). Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff is not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed by the Commissioner.

The plaintiff performed poorly in school and was assigned to special education programs (R.124-237).

During the period from April 5, 1996 through January 13, 1998, the plaintiff was diagnosed with ADHD and treated with Ritalin (R.238-245).

The plaintiff was treated by Dr. Todd Zimmerman between May 12, 1988 and January 5, 2004 for depression, ADHD and headaches. Medication was prescribed (R.246-284).

In a report from Western Psychiatric Hospital and Clinic for the period from November 4, 2003 through January 14, 2004, diagnoses of social phobia, inattentive type ADHD, separation anxiety, sleep disorder and undetermined developmental disorder were made. The plaintiff was treated with medication (R.285-299).

In a report dated March 2, 2008, Laure A. Swearingen, Ph.D. diagnosed an anxiety disorder, ADHD, depressive disorder, separation anxiety and Asperger's Syndrome. The examiner approximated that the plaintiff was of less than average intellect, and it was noted that the plaintiff had extreme restrictions on his ability to interact with co-workers, supervisors and the public (R.300-307).

In a residual mental functional capacity assessment completed on March 3, 2008, Edward Zuckerman, Ph.D. concluded "the claimant is able to meet the basic mental demands of competitive work on a sustained basis despite the limitations resulting from his impairment." A diagnosis of ADHD and anxiety disorder was made. No marked restrictions were indicated and it was concluded that the "C" criteria for establishing disability were not met (R.308-324).

In reports from the Turtle Creek Valley MH/MR Center covering treatment rendered between May 14, 2008 and March 10, 2009, a diagnosis of ADHD, generalized anxiety, social phobia and avoidant personality disorders was made. The plaintiff was treated with medication and it was noted that he could work (R.328-347).

The relevant regulations require explicit findings concerning the various vocational factors which the Act requires to be considered in making findings of disability in some cases. These regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law

Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he/she meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he/she can do his/her past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he/she can exert in engaging in work activity), and if his/her impairment enables him/her to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

> Based on the evidence presented, the Commissioner concluded:
>
> The claimant meets the insured status requirements of the Social Security Act through June 30, 2008.
>
> The claimant has not engaged in substantial gainful activity since January 4, 1995, the alleged onset date...
>
> The claimant has the following severe impairments: attention deficit hyperactivity disorder, depression, anxiety disorder and social phobia.

* * *

The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, subpart P, Appendix I...

In making this finding, the undersigned has considered whether the "paragraph B" criteria are satisfied. To satisfy the "paragraph B" criteria, the mental impairments must result in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. A marked limitation means more than moderate but less than extreme...

In activities of daily living, the claimant has moderate restriction. The claimant has reported that he is able to prepare simple meals, care for his personal needs, care for his pets, go shopping for clothing and drive a car.

In social functioning, the claimant has moderate difficulties. The claimant has reported that he goes outside 4 to 5 times a week. He plays video games daily at his home with a friend. The claimant also reported that he plays hockey at a hockey rink every 3 to 4 months. He also has a girlfriend that stays at his house.

With regard to concentration, persistence or pace, the claimant has moderate difficulties. While the claimant testified to difficulty concentrating, the claimant testified that he plays video games online. Treatment records from Turtle Creek Valley MH/MR reveal that in June 2008 the claimant reported that his ability to focus and pay attention had improved after being prescribed Straterra. Given the claimant's mental impairments, the undersigned finds that the claimant would have moderate difficulties in this area of functioning.

As for episodes of decompensation, the claimant has experienced no episodes of decompensation, which have been of extended duration.

Because the claimant's mental impairments do not cause at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation each of extended duration, the "paragraph B" criteria are not satisfied.

The undersigned has also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria...

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: The claimant is relegated to simple, routine, repetitive tasks involving no piece work production rate pace, no interaction with the general public and no more than incidental interaction with coworkers.

* * *

The claimant's ability to perform work at all exertional levels has been compromised by nonexertional limitations. To determine the extent to which these limitations erode the occupational base of unskilled work at all exertional levels, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as stock and inventory clerk... janitor/cleaner... and hand packer...

Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of section 204.00 in the Medical-vocational Guidelines." (R.14-21).

The record demonstrates that the plaintiff does not suffer from any significant physical limitations on being gainfully employed. Rather, his disability is based on psychological impairments. In this regard the evidence reveals that while the plaintiff has many limitations, none either individually or in combination meet the criteria of subparagraphs B or C of the listings. And, as testified to by the vocational expert there are a wide range of gainful activities in which the plaintiff could engage which would accommodate his needs. Accordingly, the determination of the Commissioner is supported by substantial evidence.

Summary judgment is appropriate where there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law. Azur v. Chase, 601 F.3d 212 (3d Cir.

2010). In the instant case, there are no material factual issues in dispute, the decision of the Commissioner is supported by substantial evidence, and judgment should be entered for the defendant and against the plaintiff. For this reason, it is recommended that the plaintiff's motion for summary judgment be denied; that the defendant's motion for summary judgment be granted, and that the decision of the Commissioner be affirmed.

Within fourteen (14) days after being served, any party may serve and file written objections to the Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
Entered: September 3, 2010          United States Magistrate Judge